NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WELLS FARGO BANK, N.A., as trustee for Banc of America Mortgage Securities Mortgage Pass Thru Certificates Series 2005-3, | No. 20-16342 |
| | D.C. No. 2:17-cv-01887-MMD-NJK |
| Plaintiff-Appellant, | |
| v. | MEMORANDUM* |
| THE SPRINGS AT CENTENNIAL RANCH HOMEOWNERS ASSOCIATION; SFR INVESTMENTS POOL 1, LLC, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted October 2, 2023
Las Vegas, Nevada

Before: RAWLINSON and OWENS, Circuit Judges, and FITZWATER,** District Judge.

Wells Fargo Bank, N.A. ("Wells Fargo") appeals from the district court's

___

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

grant of summary judgment for Defendants SFR Investments Pool 1, LLC ("SFR") and Springs at Centennial Ranch Homeowners Association ("Springs"). In a quiet title action under Nev. Rev. Stat. § 40.010, Wells Fargo seeks to establish that its lien survived Springs' homeowners' association ("HOA") foreclosure sale of a residential property to SFR. The prior homeowners—who recorded a deed of trust on the property ultimately assigned to Wells Fargo, defaulted on their HOA fees to Springs, and filed for bankruptcy—are not part of this case. As the parties are familiar with the facts, we do not recount them here. We reverse and remand.

1.     As an initial matter, Wells Fargo's quiet title claim is not time-barred because the statute of limitations was not triggered. "[T]he limitations period does not begin to run until the lienholder receives notice of some *affirmative action* by the titleholder to repudiate the lien or that is otherwise inconsistent with the lien's continued existence." *U.S. Bank, N.A. v. Thunder Props., Inc.*, 503 P.3d 299, 306 (Nev. 2022) (emphasis added). "The HOA foreclosure sale, standing alone, is not sufficient to trigger the period." *Id.* SFR, the titleholder, does not suggest that it took any affirmative action to repudiate Wells Fargo's lien; its general policy of refuting the continued existence of deeds of trust on properties it purchased at HOA foreclosure sales is not an affirmative action. Wells Fargo's claim is therefore timely.

2.     We hold that the foreclosure sale is void because it violated the automatic stay in the prior homeowners' bankruptcy proceeding. Although Wells Fargo did not plead this theory in its complaint, it is not forfeited because the district court reached the issue, and the parties briefed and argued it at summary judgment, and in this court. *See Comcast of Sacramento I, LLC v. Sacramento Metro. Cable Television Comm'n*, 923 F.3d 1163, 1168-69 (9th Cir. 2019) (explaining that forfeiture doctrine does not have "obvious application" where the district court addressed the issue). We are not persuaded by SFR's argument that Wells Fargo's failure to raise the issue earlier prejudiced SFR by preventing it from requesting a retroactive annulment of the bankruptcy stay. SFR has not explained why it was any less likely to receive a retroactive annulment at the time of Wells Fargo's motion for summary judgment than at the time the complaint was filed.

Next, even though it is neither the debtor nor the trustee, Wells Fargo has prudential standing to challenge a violation of the stay in the prior homeowners' bankruptcy proceeding. After the district court's decision, we held in another case that a lienholder bank has prudential standing to challenge an alleged violation of a bankruptcy stay under Nev. Rev. Stat. § 40.010 to establish the validity of its lien after an HOA foreclosure sale. *Bank of N.Y. Mellon v. Enchantment at Sunset Bay Condo. Ass'n*, 2 F.4th 1229, 1230-32 (9th Cir. 2021) ("*Enchantment*"). That is

precisely the posture here, so we hold that Wells Fargo has prudential standing and proceed to the merits.

Upon filing a bankruptcy petition, a stay automatically applies to "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). We previously have held that an HOA foreclosure sale conducted in violation of an automatic bankruptcy stay is void under Nevada law. *Enchantment*, 2 F.4th at 1233-34. Here, although the foreclosure sale occurred after the bankruptcy closed, Springs sent and recorded the foreclosure notices required by statute, Nev. Rev. Stat. § 116.31162(1)(a)-(b), while the bankruptcy was ongoing and the property was part of the bankruptcy estate. Because our decision in *CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n*, 962 F.3d 1103, 1109-11 (9th Cir. 2020), rests on the premise that recording these notices during the stay violates the stay and because the plain language of the bankruptcy statute strongly supports this conclusion, we hold that the foreclosure sale is void. As such, Wells Fargo's lien survives.

3. Because the foreclosure sale is void for violating the bankruptcy stay, we need not reach whether it should be set aside for equitable reasons.

**REVERSED AND REMANDED.**

4